IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC A. TILLOTSON,

    Plaintiff,

v.                                                                                      CIV 08-963 JB/CG

THE CITY OF EL PASO,
THE EL PASO POLICE DEPARTMENT,
STARBUCKS COFFEE COMPANY,
MARIO BETANCOURT, Francise owner of
 Longhorn Pizza,,
WAL-MART,
ALSUP'S CONVENIENCE STORES,
FNU NELMS, Sergeant,
LONGHORN PIZZA, dba Domino's Pizza,
NAIL CREATIONS,
COFFEE EMPORIUM,
MICHAEL D. VASQUEZ,
IMELDA CORREA BROCK,
and
THRIFTWAY SUPERMARKETS,

    Defendants.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

    This case illustrates the sometimes competing considerations a Court must balance in dealing with nonprisoner *pro se* matters. Plaintiff paid the filing fee and his "complaint" was soon followed with an "amended complaint," "official complaint," a motion for "damages," and five documents of "exhibits." *See Docs. 2, 5-12.* In general, each of these document is rambling and disjointed. The initial complaint with its exhibits

is more than 100 pages long.  Taken together, all of these documents represent some 188 pages of serial grievances, supporting documentation, and argument by Plaintiff.

On one hand, under long-established law *pro se* pleadings are entitled to liberal construction and held to less stringent standards.  *E.g., Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  Thus, a Court will make "'allowances for the *pro se* [litigant's] failure to cite proper legal authority,' 'confusion of various legal theories,' 'poor syntax and sentence construction,' or unfamiliarity with pleading requirements." *Velasquez v. Astrue,* 301 Fed. App'x 778, 780 (10th Cir. 2008) (omitting citations, internal quotation marks, and brackets, and quoting *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).  On the other hand, *"pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994), *cert. denied,* 513 U.S. 1090 (1995).  Furthermore, a court may not "'take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record,'" *Velasquez,* 301 Fed. App'x at 780 (quoting *Garrett*), or "sort through a lengthy complaint to construct the plaintiff's case," *Chavez v. Huerfano County,* 195 Fed. App'x 728, 730 (10th Cir. 2006) (citing *Glenn v. First Nat'l Bank in Grand Junction,* 868 F.2d 368, 371-72 (10th Cir. 1989)).

The federal rules require a *pro se* litigant to simply give a "short and plain statement" of his claims, but also require sufficient factual detail so that defendants will understand the claims and can respond.  In other words, it is not sufficient if a short and plain statement" is merely "conclusory."  *E.g., Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct.

1937, 1949 (2009); *Pardus,* 551 U.S. at 94-95; *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007); *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008); FED. R. CIV. P. 8(a)(2). The courts recognize that it is not particularly easy for a *pro se* litigant to balance being "brief and to provide fair notice to the defendants," *Chavez,* 195 Fed. App'x at 730, and that requiring a *pro se* litigant to comply with the federal rules can invite "even more confusion," *Fuentes v. Chavez,* 314 Fed. App'x 143, 145 (10th Cir. 2009). Nevertheless, "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall,* 935 F.2d at 1110, n. 3 (citing *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.,* 773 F.2d 1138, 1140 (10th Cir. 1985)).

In this case, only four of the thirteen defendants have made an appearance and they have moved to dismiss on various grounds, ranging from lack of service to failure to provide a "short plain statement," to improper venue, to failure to state a claim. Two of the defendants respond exclusively to the "complaint," and the other two respond exclusively to the "original complaint." *See Docs. 13-20.* Although I am not necessarily required to sift through pleadings like the ones Plaintiff has presented, I feel I would be remiss in making a recommendation on dispositive motions without trying to understand the basis for his claims. As a result, it turns out I have had to read through all the pleadings in their entirety. Having done that, and aside from any merit the motions to dismiss may have, I cannot ignore what the pleadings reveal.

It is obvious that Plaintiff has a fairly intensive recent history with the El Paso police and that his personal life has been deteriorating over the past several months. He has lost job after job, has been evicted, has a daughter with whom he is unable to

maintain a proper noncustodial relationship, and has been the subject of at least one criminal proceedings (and evidently several more investigations) that involve what he believes to be false accusations of "stalking" and other conduct.  None of these criminal matters appear to have been finally resolved.  Also, aside from this suit, it is clear Plaintiff has complained elsewhere, including EEOC charges against his former employers, the El Paso Police Department, and the FBI office in El Paso.  There is no indication that the EEOC proceedings or internal investigations have concluded either.  *E.g., Docs. 2, 5, 6.*

Plaintiff brought this suit in response, challenging the criminal charges and job dismissals.  It is evident that he believes the stalking charge triggered his unfortunate series of events, and wants to have the state stalking law declared unconstitutionally over broad as well as be awarded damages, both compensatory and punitive.  *See Doc. 2* at 1; *Doc. 7* at 1-3; *Doc. 21.*  Ordinarily, this Court has no jurisdiction to intercede in, or issue rulings that would effect, state criminal proceedings while they are pending.  *E.g., Younger v. Harris,* 401 U.S. 37, 54 (1971).  Nor can it hear discrimination claims against employers before EEOC proceedings conclude.  *E.g., Dalvit v. United Airlines, Inc.,* 2009 WL 4894025 at * 5 (10th Cir. 2009) ("'Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.'") (quoting *Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir. 1996), *cert. denied,* 520 U.S. 1115 (1997)).

Thus, as I read his pleadings, Plaintiff's suit is premature and subject to dismissal.  I find that this reading, coupled with the moving defendants' assertions that Plaintiff has failed to clearly plead his claims against them, warrants ordering Plaintiff to amend.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1. Plaintiff's motion for "damages" *(Doc. 7)* be DENIED WITHOUT PREJUDICE;

2. Plaintiff's motion for a "jury trial" *(Doc. 21)* be DENIED WITHOUT PREJUDICE;

3. Defendants' motions to dismiss *(Docs. 13, 16)* be GRANTED IN PART AND OTHERWISE DENIED WITHOUT PREJUDICE; and

4. In the event these proposed findings are adopted, Plaintiff be required to file an amended complaint that sets forth the status of any pending state or EEOC proceedings and clearly sets forth what claim he is making against each defendant. He should include his demands for damages and a jury trial in that amended complaint.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE