IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC A. TILLOTSON,

        Plaintiff,

v.                                                                                      No. CIV 09-0963 JB/CG

THE CITY OF EL PASO, THE EL PASO
POLICE DEPARTMENT, STARBUCKS COFFEE
COMPANY, MARIO BETANCOURT, Franchisee
of Longhorn Pizza, Inc., WAL-MART ASSOCIATES,
INC., ALLSUP'S CONVENIENCE STORES,
CLINTON NELMS, LONGHORN PIZZA, NAIL
CREATIONS, COFFEE EMPORIUM, MICHAEL D.
VASQUEZ, IMELDA CORREA BROCK,
THRIFTWAY SUPERMARKETS, DOMINO'S PIZZA,
INC., MARGARITA HERNANDEZ, JAVIER CORREA,
JAIME MUNOZ, RAYMOND CHAIREZ, PROVENCIO,
KAPROSY, DAVILA, EL PASO INDEPENDENT
SCHOOL DISTRICT, and THE STATE OF TEXAS,

        Defendants.

**ORDER PARTIALLY ADOPTING THE MAGISTRATE JUDGE'S
RECOMMENDATIONS, DISMISSING THE TITLE VII CLAIM WITHOUT
PREJUDICE, AND TRANSFERRING CASE TO WESTERN DISTRICT OF TEXAS**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed December 28, 2009 (Doc. 22)("PF&RD"). The primary issues are: (i) whether the Court should transfer this case to the Western District of Texas pursuant to 28 U.S.C. § 1406; and (ii) whether the Court should sustain Defendants City of El Paso's and the El Paso Police Department's ("the City Defendants") objections to the Magistrate Judge's PF&RD. Because the Court concludes that the District of New Mexico is not a proper venue for this action, the Court will transfer it to the Western District of Texas, El Paso Division. The Court will sustain the City

Defendants' objections to the PF&RD and reinstate their motion to dismiss with respect to the bases about which they contend the Magistrate Judge failed to rule. The Court will not, however, rule upon these additional bases for dismissal, but will instead transfer the pending motions for disposition in the Western District of Texas.

## PROCEDURAL BACKGROUND

In her PF&RD, the Magistrate Judge concluded:

> Plaintiff brought this suit in response [to various actions taken against him by employers, the El Paso Police Department, and Defendant Imelda Correa Brock], challenging the criminal charges and job dismissals. It is evident that he believes the stalking charge triggered his unfortunate series of events, and wants to have the state stalking law declared unconstitutionally over broad as well as be awarded damages, both compensatory and punitive. See Doc. 2 at 1; Doc. 7 at 1-3; Doc. 21. Ordinarily, this Court has no jurisdiction to intercede in, or issue rulings that would effect, state criminal proceedings while they are pending. E.g., Younger v. Harris, 401 U.S. 37, 54 (1971). Nor can it hear discrimination claims against employers before EEOC proceedings conclude. E.g., Dalvit v. United Airlines, Inc., 2009 WL 4894025 at *5 (10th Cir. 2009)("'Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.'")(quoting Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996), cert. denied, 520 U.S. 1115 (1997)).
>
> Thus, as I read his pleadings, Plaintiff's suit is premature and subject to dismissal. I find that this reading, coupled with the moving defendants' assertions that Plaintiff has failed to clearly plead his claims against them, warrants ordering Plaintiff to amend.

Id. at 4. The Magistrate Judge recommended:

> In the event these proposed findings are adopted, Plaintiff be required to file an amended complaint that sets forth the status of any pending state or EEOC proceedings and clearly sets forth what claim he is making against each defendant. He should include his demands for damages and a jury trial in that amended complaint.

PF&RD at 5.

Plaintiff Eric A. Tillotson did not file objections to the Magistrate Judge's PF&RD. Instead, he filed an Amended Complaint, this time using a preprinted court form. Compare Complaint, filed

-2-

October 1, 2009 (Doc. 2), Additional Complaint, filed October 9, 2009 (Doc. 5), and Official Complaint, filed October 15, 2009 (Doc. 6) <u>with</u> Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed December 30, 2009 (Doc. 23).  He attached supporting documentation to the form and filed others separately.  Collectively, these documents underscore the Magistrate Judge's conclusion that the Title VII aspect of this action is premature.  <u>See</u> Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983; El Paso Police Department Crime/Incident Request Form (dated May 8, 2009), filed January 4, 2010 (Doc. 24); Exhibits 54 and 55, filed January 5, 2010 (Doc. 26); HIPPA Authorization to Disclose Protected Health Information - Medical Records (dated January 8, 2009), filed January 8, 2010 (Doc. 27); HIPPA Authorization to Disclose Protected Health Information - Medical Records (dated January 8, 2009), filed January 8, 2010 (Doc. 28); Exhibit and Witness List - Continuation, filed January 8, 2010 (Doc. 29).  Tillotson's Amended Civil Rights Complaint asserted that the criminal proceedings were dropped in June 2009.  <u>See</u> Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1-2.  He asserted that: (i) his arrest triggered the series of events which led to his loss of employment; (ii) he brings his claim for employment discrimination under Title VII; (iii) the Title VII claim is brought against Defendant "Mario Betancourt" and "Longhorn Pizza, Inc.;" and (iv) the Title VII claim is related to pending state civil proceedings.  Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 4, 7-11.  The other documentation that Tillotson submitted showed, however, that the Equal Employment Opportunity Commission has not concluded its investigation and instead has asked Tillotson for additional information.  <u>See</u> Letter from M.Y. Moore, EEOC Investigator, to Tillotson (dated October 5, 2009), filed January 8, 2010) (Doc. 29-2).  Thus, the Court will dismiss the Title VII

claim without prejudice as premature.[1]

On January 5, 2010, Tillotson thrust this case back into obscurity by filing another Amended Complaint, which appears to be a continuation of his Amended Civil Rights Complaint, this one with nineteen counts against numerous Defendants. See Amended Complaint - All Parties Added, filed January 5, 2010 (Doc. 25)("Amended Complaint"). In it, Tillotson names as Defendants Mario Betancourt, franchisee of Longhorn Pizza, Inc., DBA Domino's Pizza; Domino's Pizza, Inc.; Imelda Correa Brock; Nail Creations; Margarita Hernandez; Coffee Emporium; the City of El Paso; El Paso Police Department Officers Javier Correa, Jaime Munoz, Commander Raymond Chairez, Detective Provencio, Sergeant Kaprosy, and Sergeant Davila;[2] the El Paso Police Department; Allsup's Convenience Stores; Starbucks Coffee Company; Wal-Mart Associates, Inc.; Thriftway Supermarkets, aka John Brook's Supermarkets; the El Paso Independent School District; and the State of Texas. See Amended Complaint ¶¶ 2-13, at 1-4. The claims range from deprivation of Equal Protection under the Fourteenth Amendment to the United States Constitution (Count IV), to Slander and Defamation of Character (Count V), to violation of the Grand Jury and Double-Jeopardy clauses of the Fifth Amendment (Count VI), to conspiracy to deprive Tillotson of his civil rights (Count VIIII[sic]),[3] to falsely attributing an employment dismissal to "being rude to a customer and

---

[1] The Defendants subject to this claim also did not file objections to the Magistrate Judge's proposed findings. See Defendants Mario Betancourt, Individually, and Longhorn Pizza, Inc.'s Motion to Dismiss for Insufficient Service of Process -- Rule 12(b)(4) and (5), Failure to State a Claim Upon Which Relief Can Be Granted -- Rule 12(b)(6), For a More Definite Statement -- Rule 12(e), and for Failure to Plead Properly -- Rules 8 and 9(b), filed November 2, 2009 (Doc. 13).

[2] The Court is not aware of the first names of Defendants Provencio, Kaprosy, or Davila.

[3] Tillotson cites to 18 U.S.C. § 241 in his Amended Complaint. See Amended Complaint at 21. That refers to a criminal statute, however, which does not create a cause of action that Tillotson can assert against other individuals. See 18 U.S.C. § 241. The Court will construe this Count as a claim under 42 U.S.C. § 1985, which is worded in nearly identical terms and does create

Sexually Harassing an Employee" (Count XIV).  Amended Complaint at 10-25.

## LAW REGARDING SUA SPONTE DISMISSALS AND TRANSFERS FOR IMPROPER VENUE

There are several venue-granting statutes in the United States Code, but the general venue provision is 28 U.S.C. § 1391.  It provides:

> **(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> **(b)** A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (bold in original).  Rule 12(b)(3) of the Federal Rules of Civil Procedure allows a defendant to assert, by motion, that the court into which the plaintiff has hailed him or her is an improper venue to entertain the plaintiff's claims.  See Fed. R. Civ. P. 12(b)(3).  Rules 12(g) and 12(h), however, provide that if a party does not raise its objection to venue in its responsive pleading or in its first rule 12(b) motion, it waives the objection and accepts the plaintiff's chosen venue.  See Fed. R. Civ. P. 12(h)(1)("A party waives any defense listed in Rule 12(b)(2)-(5) by **(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or **(B)** failing to either: **(i)** make it by motion under this rule; or **(ii)** include it in a responsive pleading or in an amendment allowed by

---

a private right of action that an individual may assert.  See 42 U.S.C. § 1985.

Rule 15(a)(1) as a matter of course.").

Under certain circumstances, a court also has the ability to assert, sua sponte, that the plaintiff has selected an improper venue. Specifically, "[a] court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice." Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006)(discussing whether to act sua sponte to dismiss a complaint under 28 U.S.C. § 1915). The United States Court of Appeals for the Tenth Circuit in Trujillo v. Williams further stated that, "[a]lthough both § 1406(a) and § 1631 contain the word 'shall,' we have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." Trujillo v. Williams, 465 F.3d at 1222-23 (citing United States v. Botefuhr, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002)). Moreover, it appears that it is error for a district court to dismiss for improper venue without at least considering the appropriateness of transfer. See Trujillo v. Williams, 465 F.3d at 1223; Faulkenburg v. Weir, No. 08-1324, 2009 WL 3287538, at *1 (10th Cir. Oct. 14, 2009) (reaffirming that it is error under Trujillo v. Williams for a district court to dismiss without evaluating the possibility of transfer instead).

Other authority from the Tenth Circuit, however, appears to put some restrictions on a district court's authority to sua sponte act on an improper venue. In Stjernholm v. Peterson, 83 F.3d 347 (1996), the Tenth Circuit indicated that a district court's right sua sponte to dismiss or to transfer exists only until the defendant waives his or her own objection to venue. See id. at 349 ("[A]t any time *before* the defendants waive the defense of improper venue, 'a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the

issue.'")(quoting <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988))(emphasis in original). According to the Tenth Circuit, "[t]his procedure gives the plaintiff an opportunity to contest the dismissal or transfer and allows the defendant the opportunity to prevent dismissal or transfer by waiving venue." <u>Id.</u> The Tenth Circuit in <u>Stjernholm v. Peterson</u> was unclear, however, how a court should handle a situation in which a plaintiff sues many defendants, and only one or two of those defendants have responded.

**ANALYSIS**

Tillotson's claims are related to the El Paso Police Department's investigation and arrest of him for felony stalking based on events that took place exclusively in El Paso, Texas, <u>see</u> Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1-5, and for adverse employment actions committed, with one exception, exclusively in El Paso, Texas, <u>see</u> Amended Complaint ¶¶ 16-42, at 4-32 (mentioning New Mexico only in Paragraph 28, discussing his discharge from Thriftway Supermarkets in Ruidoso, New Mexico, and Paragraph 40, asking the Court to require some of the Defendants to create a fund to build a law school in Las Cruces, New Mexico or El Paso, Texas). Tillotson is a resident of El Paso. <u>See id.</u> at 1. In the motion to dismiss, the City of El Paso's counsel makes the unqualified statement that "Defendants reside in Texas" and thus argues that, regardless whether jurisdiction is based on diversity or federal question, venue properly lies solely in the United States District Court for the Western District of Texas. <u>See</u> Defendants City of El Paso Texas and the El Paso Police Department's Motion to Dismiss at 6, filed November 25, 2009 (Doc. 16); Defendants City of El Paso Texas and the El Paso Police Department's Objections to Magistrate's Proposed Findings and Recommended Disposition at 3, filed January 8, 2010 (Doc. 30). In the Amended Complaint, however, Tillotson adds a number of the Defendants, many of which, he alleges, are not Texas residents or citizens, rendering subsection (1) of 28 U.S.C. §

-7-

1391(b) inapplicable.  See Amended Complaint ¶¶ 9-11, at 2-3 (naming Starbucks, "a Washington Corporation," and Thriftway, "a New Mexico Corporation," as defendants); 28 U.S.C. § 1391(b).  Because the vast majority of events giving rise to the arrest occurred in El Paso, because Tillotson resides in El Paso, and because, based on counsel's representations, all of the public officers reside in El Paso, the Court agrees that venue is improper.  See 28 U.S.C. § 1391(a)-(b).

**I.      THE CITY DEFENDANTS' VENUE OBJECTION IS WELL-TAKEN.**

The Court finds that the proper disposition of the remainder of this case is to transfer it to the Western District of Texas, El Paso Division.  To the extent that the City Defendants objected to the Magistrate Judge's failure to address this argument, the objection is sustained.  The Court may sua sponte dismiss or, in the interest of justice, transfer a case if the venue is improper, so long as the defendant has not waived its right to assert improper venue on its own, see Stjernholm v. Peterson, 83 F.3d at 349, and only so long as the parties are informed of the issue and given an opportunity to comment, see id.  The posture of this case is peculiar, and leads to some confusion as to the extent to which the Court is acting sua sponte and the extent to which it is addressing the asserted defenses of the City Defendants.  To the extent that it is acting sua sponte, however, the Court has met the requirements that the Tenth Circuit has set forth.  The only Defendants who have effectively waived their right to assert improper venue are Betancourt and Longhorn Pizza, who have been dismissed from the case by the Court's ruling that Tillotson's Title VII claims are premature.  The remaining Defendants have either asserted the defense of improper venue -- specifically, the City Defendants -- or have not yet asserted any defenses.

To the extent that the City Defendants can be said to have asserted the defense of improper venue on behalf of all remaining Defendants, nothing more need be said.  On the other hand, to the extent that the other Defendants would otherwise need to assert the defense for themselves, the

Court now raises the issue sua sponte. All parties have been invited to respond by the City Defendants' motion to dismiss based, in part, on improper venue. See Defendants City of El Paso Texas and the El Paso Police Department's Motions to Dismiss at 6-7; Stjernholm v. Peterson, 83 F.3d at 349.[4] This motion gave Tillotson the opportunity to respond and attempt to explain how venue is proper in the District of New Mexico, and gave the other Defendants the opportunity to speak up and, if they desired to, waive their venue objections. See id.

The Court concludes that venue is not proper in the District of New Mexico. Tillotson asserts federal jurisdiction under 28 U.S.C. §§ 1331 and 1343. See Amended Complaint ¶ 15, at 4. Under the general venue provision, therefore, venue is proper in any district where any Defendant resides if all Defendants reside in the same state -- which they do not -- or in a district in which a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. § 1391(b). Almost every event described in the Amended Complaint occurred in El Paso: Tillotson's unfortunate encounter with Brock, Tillotson's citation, Brock's allegedly libelous statements to Tillotson's employer, Tillotson's arrest, and every adverse employment event except Tillotson's dismissal from the Thriftway Supermarket in Ruidoso, New Mexico. The only event related to Tillotson's claims that occurred in New Mexico was the dismissal from Thriftway Supermarkets, based, it would appear, on his inability to pay his gas bill because he had lost his other jobs. The Court finds that Tillotson's dismissal from Thriftway does not constitute a "substantial part of the events or omissions giving rise to the claim" in this nineteen-count, twenty-

---

[4] The City Defendants also filed objections to the Magistrate Judge's PF&RD, which objected to the fact that the Magistrate Judge failed to rule on their objection to venue. See Defendants City of El Paso Texas and the El Paso Police Department's Objections to Magistrate's Proposed Findings and Recommended Disposition ¶¶ 7-8, at 3. This objection also put the other parties on notice that the Court was likely to address the issue in some way.

three defendant case. See 28 U.S.C. § 1391(b). Rather, the Court finds that the only district in which a substantial part of the events or omissions giving rise to the claims occurred is the Western District of Texas.

Furthermore, the Court has considered whether the appropriate move at this point is to dismiss Tillotson's Amended Complaint or to transfer the case to the Western District of Texas, and has concluded that transfer would be in the interest of justice. See Trujillo v. Williams, 465 F.3d at 1222-23 (citing United States v. Botefuhr, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002)). First, Plaintiff is pursuing this action pro se and has already paid the filing fee. Second, the Amended Complaint coherently explains the details leading up to his arrest, even if it then slips into some confusion in explaining subsequent events and asserting Counts IV through XIX. He asserts that Brock, whose brother is an officer with the El Paso Police Department, falsely accused him of stalking; when the police questioned him, they wanted to include in his statement a sentence to the effect that he found Brock attractive, even though Tillotson had not made that statement and it made him "uneasy;" and one officer

> went and got a warrant even after [Tillotson] disclosed to him that [Tillotson] had spoke to the District Attorney's Office in El Paso, as well as the F.B.I, and according to these Officials, this was not Felony Stalking [yet] [d]espite this information, the Detective still went and got a warrant for [Tillotson's] arrest.

Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3. Tillotson contends that this conduct violated the First and Fourth Amendments. See id. 2-3. Thus, the amended document moots the Defendants' original arguments that Tillotson's unintelligible allegations were not "short and plain," required a more definite statement, and were "implausible." Defendants City of El Paso Texas and the El Paso Police Department's Motions to Dismiss at 3-4, 8-9.

## II. THE REMAINDER OF THE CITY OF EL PASO'S AND THE EL PASO POLICE DEPARTMENT'S OBJECTIONS ARE SUSTAINED.

As for the remainder of the City of El Paso's and the El Paso Police Department's objections -- that the Magistrate Judge did not rule on their motion to dismiss for want of personal jurisdiction, did not rule on their motion to dismiss for inadequate process and service of process, and did not rule on their motion to dismiss as to the El Paso Police Department for lack of capacity to be sued -- the Court sustains those objections. The Court will reject that portion of the PF&RD that purported to rule on those objections and consider them still pending, to be transferred to and ruled on by the transferee court under the law as applied in the court of proper venue. See Intrepid Potash-New Mexico, LLC v. U.S. Dep't of Interior, No. 08-2218 (RWR), 2009 WL 3853205, at *9 (D.D.C. Nov. 18, 2009)(transferring a case to the District of New Mexico and ordering that "[a]ll pending motions [be] left for decision by the transferee court."); Daniell v. Mohsin, No. 2:07-CV-438, 2009 674358 (E.D. Tex. Mar. 9, 2009)("In light of the transfer of venue . . . all pending motions are deferred to the transferee court."); Apparel Prod. Servs., Inc. v. Indiana Trans. S.A. de C.V., 548 F. Supp. 2d 386, 390 (S.D. Tex. 2008)(transferring to a different division within the same district and ordering that "[a]ll other pending Motions are left to the discretion of the transferee court."); Montgomery v. STF Int'l, Inc., 532 F. Supp. 2d 29, 36 (D.D.C. 2008)(granting a § 1404(a) convenience transfer and ordering that "[a]ll pending motions shall be left for decision by the transferee court."); High v. BNSF Ry. Co., No. G-06-584, 2006 WL 3358429, at *3 (S.D. Tex. Nov. 17, 2006) (granting a § 1404(a) convenience transfer to the Western District of Texas and ordering that "[a]ll pending motions are left to the discretion of the transferee Court."); Moore v. McKibbon Bros., Inc., 41 F. Supp. 2d 1350, 1357-58 (N.D. Ga. 1998)(granting a § 1404(a) convenience transfer and "declin[ing] to rule on other pending motions, . . . finding that it is more appropriate for the trial judge in the

transferee district to do so."); Baldwin v. Nat'l Safety Assocs., Inc., No. C. 93-0571 BAC, 1994 WL 139267, at *1 (N.D. Cal. Apr. 6, 1994)("The court believes the transferee court would be better suited to decide the other pending motions; accordingly, this court refrains from ruling on those motions."); Howard v. Viking Ranches, Inc., No. 86 C 9830, 1987 WL 16896, at *1 (N.D. Ill Sept. 9, 1987)("This Court declines . . . to rule on any of defendants' pending motions to dismiss and reserves those rulings for the transferee court."). Cf. Flagler Automotive, Inc. v. Exxon Mobil, Corp., 582 F. Supp. 2d 367, 372 (E.D.N.Y. 2008) (discussing the transferor-court's action of, when granting the venue transfer, "den[ying] all pending motions as moot, with leave to re-file in the transferee court."); Alexander v. Franklin Res., Inc., No. C 06-7121 SI, 2007 WL 518859, at *1 (N.D. Cal. Feb. 14, 2007)(order styled "Order Granting Defendants' Motion to Transfer Venue; Denying Pending Motions Without Prejudice to Renewal in Transferee Court.").

**IT IS ORDERED** that: (i) the Defendants' objections (Doc. 30) are sustained; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 22) are rejected in part and adopted in part; (iii) Plaintiff Eric A. Tillotson's most recent amendments (Docs. 23 and 25) are deemed the operative pleadings in this matter; (iv) in light of Tillotson's latest amended complaint, the Clerk shall correct the docket sheet to indicate that following the most recent amendments, these defendants remain: (a) Starbucks Coffee Company; (b) Wal-Mart Associates, Inc.; (c) Allsup's Convenience Stores; (d) Nail Creations; (e) Coffee Emporium; (f) Imelda Correa Brock; (g) Thriftway Supermarkets aka John Brook's Supermarkets; (h) Domino's Pizza, Inc.; (i) Margarita Hernandez; (j) Detective Provencio; (k) Sergeant Kaprosy; (l) Sergeant Davila; (m) El Paso Independent School District; (n) State of Texas; (o) the City of El Paso; (p) the El Paso Police Department; (q) Mario Betancourt; (r) Officer Javier Correa; (s) Officer Jaime Munoz; and (t) Commander Raymond Chairez; (v) Defendants El Paso Police Department's and City of El Paso's

motion to dismiss (Doc. 16) is granted insofar as it objected to venue in this Court, denied insofar as it sought dismissal based on improper venue, and remains pending as to the remainder of the bases for dismissal raised in the motion; (vi) Tillotson's Title VII claim is dismissed without prejudice for failure to exhaust his Equal Employment Opportunity Commission administrative remedies; (vii) in light of dismissal of the Title VII claim, the Clerk shall correct the docket sheet to indicate that, as of the date of this order, these defendants were dismissed: (a) Mario Betancourt; (b) Longhorn Pizza, Inc. dba Domino's Pizza; (viii) Defendants Mario Betancourt's and Longhorn Pizza, Inc.'s motion to dismiss (Doc. 13) is denied as moot, as those Defendants have been dismissed from this case; and (ix) after correcting the Docket as set forth above, the Clerk shall transfer this matter to the United States District Court for the Western District of Texas, El Paso Division, which may rule on the remainder of the bases for dismissal that the City of El Paso and the El Paso Police Department raised, as well as any other pending motions.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Eric A. Tillotson
El Paso, Texas

      *Plaintiff pro se*

Charlie McNabb
  City Attorney
Luz E Sandoval-Walker
  Assistant City Attorney
El Paso, Texas

      *Attorneys for Defendants City of El Paso and the El Paso Police Department*

Eric Bliss Darnell
The Law Offices of Eric B. Darnell
El Paso, Texas

    *Attorney for Defendant Mario Betancourt*